United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) |
| | ) |
| v. | ) |
| | )   No. 13-60029-Cr-Scola |
| | ) |
| Herve Wilmore, Defendant | ) |

### Amended Order on the Defendant's Motion for Compassionate Release

The Defendant Herve Wilmore moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) on June 8, 2020. The Court previously **denied** Wilmore's motion in its Order dated July 9, 2020 (ECF No. 725). Since the Court issued its Order, Wilmore filed a reply in support of his motion (ECF No. 726). Therefore, the Court issues this Amended Order to take into account his recently-filed reply. In his reply, Wilmore reiterates the arguments from his motion. The Court is not still persuaded by these arguments, and therefore, **denies** Wilmore's motion for release (**ECF No. 720**).

A jury found Wilmore guilty of eight counts of wire fraud and aggravated identity theft. The Court sentenced the Defendant to 240 months in prison for his crimes. The Eleventh Circuit affirmed the Defendant's conviction and sentence. Now Wilmore argues that he is entitled to compassionate release because (1) he was convicted of "mail fraud," which is different than the offense that was charged in the indictment and (2) his medical condition puts him at risk of contracting a severe case of Covid-19.

First, Wilmore's arguments that he was convicted of the wrong offense are not grounds for relief under the CARE Act. To the extent that Wilmore argues in his supplement that he is innocent, his argument also fails because the evidence of guilt presented at trial (which this Court presided over) was overwhelming. (*See* Supplement, ECF No. 724 at 2.)

Second, Wilmore's has not shown that his hypertensive disorder constitutes extraordinary and compelling circumstances warranting his release after serving only 30% of his sentence. If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control as elevating an inmate's risk of becoming seriously ill from COVID-19, that condition may constitute "extraordinary and compelling reasons" for his release, especially for inmates over the age of 65. Wilmore is a 36-year-old inmate suffering from "hypertensive disorder." (ECF No. 720 at 1.) Wilmore does not provide details regarding his disorder's severity, nor does he attach medical records to demonstrate that he has the disease. He has not sufficiently demonstrated that

he hypertension, nor that it is sufficiently severe to compel his release after serving a fraction of his sentence. Although people with hypertension or high blood pressure are at a statistically greater risk of succumbing to the coronavirus, this does not entitle every inmate with higher-than-average blood pressure to be released—as hypertension is common and not always severe. Therefore, Wilmore cannot show that extraordinary and compelling reasons support his release and, because he is 36-years-old, his risk of developing a severe case is diminished. *Cf. United States v. Oreste*, Case No. 14-cr-20349 (S.D. Fla. Apr. 6, 2020) (Scola, J.) (granting compassionate release for the Defendant with end-stage renal failure, heart failure, diabetes, and a history of respiratory illnesses after he completed 60% of his sentence).

Moreover, the 18 U.S.C. § 3553(a) factors weigh against his release. Under the relevant Sentencing Guidelines Policy Statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." § 1B1.13. Here, the needs for specific and general deterrence weigh against his release, particularly in light of his leadership role in this large-scale fraud with over $20 million in losses. At the time of sentencing, the bottom of Wilmore's guideline range was 348 months, but the Court varied far below the guidelines and sentenced him to 240 months. Given this variance, it is particularly inappropriate for him to be released after serving only 6 years of the 20-year sentence. In short, the applicable 18 U.S.C. § 3553(a) factors—such as the nature and circumstances of the offense, the history and characteristics of the offender, the need to ensure adequate punishment, deterrence, and community protection—do not warrant Wilmore's release after serving merely 30% of his sentence.

Therefore, Wilmore's motion for release (**ECF No. 720**) is **denied**.

**Done and ordered** at Miami, Florida, on July 14, 2020.

Robert N. Scola, Jr.
United States District Judge